OPINION
STATEMENT OF THE FACTS AND CASE
 {¶ 1} On January 9, 2002, at approximately 3:45 p.m., two young males, one white and one black, entered "Only Sexy Things" where Vivian Woods and Brandy Benson were working. Ms. Woods and Ms. Benson modeled lingerie in "session rooms" for customers. The cost for this service was $30.00 plus a gratuity. (T.I. at 219, 220).
 {¶ 2} At the time the two men entered the establishment, no customers were present, Ms. Benson was in a session room and Ms. Woods was at the counter.
 {¶ 3} Ms. Woods asked the men if they wanted a "session", wherein the black males responded that he did not wanted a session but instead wanted the money. (T.I. at 222, 289). At this time the white male pulled out a gun. Ms. Woods gave the men the tips which were kept in a coffee can. These tips totaled $50.00.
 {¶ 4} The black male, then held a knife to Ms. Woods throat and told her to give him the rest of the money. (T.I. at 223).
 {¶ 5} Another worker arrived at "Only Sexy Things" and the two men fled. (T.I. at 222, 226).
 {¶ 6} The police were called and Ms. Woods gave them a brief description of the armed robbers. Ms. Woods also gave the police the videotape which showed the robber entering the establishment.
 {¶ 7} Officer Cutts and Officer Diehls recognized Appellant as the black male in the still photographs taken from the videotape. (T. III. At 408-410, 438). They then compiled a photographic lineup and showed same to the victims. (T. III. At 463, 466, 470). Ms. Woods identified Appellant from said line-up. (T. III. At 470).
 {¶ 8} On January 23, 2002, the Stark County Grand Jury indicted appellant, Jawonn M. Harris on one count of aggravated robbery with a firearm specification in violation of R.C. § 2911.01 and R.C. 2941.145. Said charge arose from an armed robbery at "Only Sexy Things" on January 9, 2002.
 {¶ 9} On March 3, 2002, a hearing was held on appellant's motion to suppress evidence, with same being overruled by the trial court.
 {¶ 10} A jury trial commenced on March 25, 2002.
 {¶ 11} On March 28, 2002, the jury found appellant guilty as charged.
 {¶ 12} By judgment entry filed April 4, 2002, the trial court sentenced appellant to five years in prison plus three years for the firearm specification, to be served consecutively.
 {¶ 13} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 Assignment of Error {¶ 14} "Was there sufficient evidence to find the appellant guilty of the crimes he was charged with and were its conviction was against the manifest weight of the evidence."
 I. {¶ 15} In appellant's sole assignment of error, he maintains his conviction was against the sufficiency and the manifest weight of the evidence. We disagree.
 {¶ 16} In State v. Jenks (1981), 61 Ohio St.3d 259, the Ohio Supreme Court set forth the standard of review when a claim of insufficiency of the evidence is made. The Ohio Supreme Court held: "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id. at paragraph two of the syllabus.
 {¶ 17} On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed. The discretionary power to grant a new hearing should be exercised only in the exceptional case in which the evidence weighs heavily against the judgment. State v. Thompkins,78 Ohio St.3d 380, 387, 1997-Ohio-52, citing State v. Martin (1983),20 Ohio App.3d 172, 175. Because the trier of fact is in a better position to observe the witnesses' demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact. State v. DeHass (1967), 10 Ohio St.2d 230, syllabus 1.
 {¶ 18} Appellant was convicted of aggravated robbery with a firearm specification in violation of R.C. § 2911.01(A)(1) and R.C. § 2941.145:
 {¶ 19} "(A) No person, in attempting or committing a theft offense, as defined in section 2913.01 of the Revised Code, or in fleeing immediately after the attempt or offense, shall do any of the following:
 {¶ 20} "(1) Have a deadly weapon on or about the offender's person or under the offender's control and either display the weapon, brandish it, indicate that the offender possesses it, or use it."
 {¶ 21} "* * *
 {¶ 22} "(A) Imposition of a three-year mandatory prison term upon an offender under division (D)(1)(a) of section 2929.14 of the Revised Code is precluded unless the indictment, count in the indictment, or information charging the offense specifies that the offender had a firearm on or about the offender's person or under the offender's control while committing the offense and displayed the firearm, brandished the firearm, indicated that the offender possessed the firearm, or used it to facilitate the offense."
 {¶ 23} Appellant challenges his conviction based upon the identification of him by one of the victims, Vivian Woods. More specifically, Appellant argues that Ms. Woods "did not have a good opportunity to view the criminal at the time of the crime." (Appellant's brief at 7). Appellant further argues that Ms. Woods description of the robbery suspect differed significantly from that of the Appellant. (T. I. at 22, 355-356).
 {¶ 24} Ms. Woods identified appellant from a photo array two days after the robbery. She also identified him at trial, testifying that Appellant's face was a face she wouldn't forget (T. I. at 235-236).
 {¶ 25} In addition to the testimony of Ms. Woods, the jury also heard testimony from Officer Cutts and Officer Diels who each separately identified Appellant from still photographs taken from the videotape of the actual crime. Officer Cutts was familiar with Appellant from prior contact with him as a playground supervisor. (T. III. At 408). Officer Diels recognized Appellant from contact he had with him several weeks earlier. (T. III. At 347).
 {¶ 26} The State called seven witnesses in all and introduced the videotape of the robbery as well as still photographs taken from the videotape.
 {¶ 27} The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact. State v. Jamison
(1990), 49 Ohio St.3d 182, certiorari denied (1990), 498 U.S. 881.
 {¶ 28} We are not permitted to supplant the credibility calls of jurors and find sufficient doubt regarding the testimony of the witnesses..
 {¶ 29} Upon review, we find sufficient credible evidence to support Ms. Woods' identification to uphold the conviction.
 {¶ 30} Appellant's sole Assignment of Error is denied.
 {¶ 31} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
By Boggins, J., Gwin, P.J. and Wise, J. concur.
Topic: Manifest Weight and Sufficiency of the Evidence.